**Ivy SILBERSTEIN d/b/a Ivy Supersonic, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**JOHN DOES 1–10, Allposters.Com, Inc., Harpercollins Publishers, Inc. and XYZ Corporations, 1 through 1500, Defendants–Appellees,**

claims, *see Curley v. Village of Suffern,* 268 F.3d 65, 73 (2d Cir.2001).

Fox Entertainment Group, Inc., Blue Sky Studios, Inc., Twentieth Century Fox Film Corporation, Jakks Pacific, Inc., and UBI Soft Entertainment, Inc., Defendant–Counter–Claimant–Appellees.

No. 04–4401–cv.

United States Court of Appeals, Second Circuit.

June 14, 2007.

Mark D. Belongia, Chicago, IL (Peter S. Cane, Cane & Associates, New York, NY, on the brief), for Plaintiff-appellant.

Jonathan Zavin, Loeb & Loeb, LLP (Jacques M. Rimokh, of counsel), New York, NY, for Defendants-appellees Fox Entertainment Group, Inc., Blue Sky Studios, Inc., Twentieth Century Fox Film Corporation, Jakks Pacific, Inc., UBI Soft Entertainment, and HarperCollins Publishers, Inc.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Ivy Silberstein appeals from the judgment of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge)*, entered on July 21, 2004, granting defendants' motion for summary judgment and dismissing her claims for copyright and trademark infringement. *Silberstein v. Fox Entm't Group, Inc.*, 424 F.Supp.2d 616 (S.D.N.Y.2004). We assume the par-

ties' familiarity with the balance of the facts, procedural history, and issues on appeal.

"We review a district court's grant of summary judgment de novo." *Town of Southold v. Town of East Hampton,* 477 F.3d 38, 46 (2d Cir.2007). "Summary judgment is warranted only upon a showing 'that there is no genuine issue as to any material fact and that the [prevailing] party is entitled to judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). "In assessing the record to determine whether there is such an issue, we view the evidence in the light most favorable to the [losing] party, drawing all reasonable inferences and resolving all ambiguities in its favor...." *Id.*

■ The District Court held, *inter alia,* that Silberstein failed to raise a genuine issue of material fact as to whether defendants unlawfully appropriated her work. *Silberstein,* 424 F.Supp.2d at 629–32; *see generally Jorgensen v. Epic/Sony Records,* 351 F.3d 46, 51 (2d Cir.2003) (noting that plaintiff bears the burden of showing that defendant committed an "unlawful appropriation" of plaintiff's work). We agree.

Unlawful appropriation requires the existence of substantial similarity between the defendant's creation and the protectible aspects of the plaintiff's own work. *Boisson v. Banian, Ltd.,* 273 F.3d 262, 268 (2d Cir.2001); *see also Laureyssens v. Idea Group, Inc.,* 964 F.2d 131, 139–40 (2d Cir.1992). No reasonable jury could find that there was substantial similarity between defendants' Scrat and the original, protectible elements of Silberstein's Sqrat.[1]

We initially note that the two characters differ substantially with respect to almost every individual element, such as the shape of their bodies, heads, limbs, feet, hands, tail, and teeth, and the presence or absence of whiskers, eyebrows, and a navel. The two creations also differ markedly in terms of their "total concept and feel." *Boisson,* 273 F.3d at 272 (internal quotation marks omitted). In the District Court's apt description, Silberstein's "Sqrat is a rather crudely drawn two-dimensional, monochromatic, static character," whereas defendants' "Scrat is portrayed as existing and moving in three dimensions, and his fur, nose, eyes, mouth, and extremities are rendered in lifelike detail and realistic color and shade." *Silberstein,* 424 F.Supp.2d at 631. Moreover, while "Sqrat is a heavy-set figure that stands upright," Scrat is drawn with "long, lean lines and a hunched, conventionally rodent-like posture." *Id.* In addition, Sqrat "is a caricature with an assemblage of rudimentary comic-strip features," yet Scrat, which is rendered in far more realistic and detailed fashion, does not posses a similar comic-strip or caricatured air. *Id.*

Any slight similarities, and they are few and far between, fall within the *scènes à faire* doctrine; exaggerated facial features, protruding eyes with small pupils, and an anthropomorphic aura are all standard for animal cartoon characters. *See generally MyWebGrocer, LLC v. Hometown Info, Inc.,* 375 F.3d 190, 194 (2d Cir.2004) ("Scenes a faire are unprotectible elements that follow naturally from a work's theme rather than from an author's creativity."); *Williams v. Crichton,* 84 F.3d 581, 588 (2d Cir.1996) (noting examples of "scenes a faire," including action figures of muscular

---

1. In order to give Silberstein every benefit of the doubt, we assume without deciding that she fully owned the rights to the Beaver cartoon from which Sqrat was derived, and therefore do not address the District Court's holding as to issue preclusion.

superheroes in traditional fighting poses). Finally, we note that the expert declaration submitted by Silberstein, while relevant to the issue of actual copying, is "irrelevant when the issue turns to unlawful appropriation." *Universal Athletic Sales Co. v. Salkeld,* 511 F.2d 904, 907 (3d Cir. 1975), *cited in Laureyssens,* 964 F.2d at 140.

■ Turning to the trademark infringement claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), we again agree with the District Court's conclusion. The right to a mark exists only as "a right appurtenant to an established business or trade in connection with which the mark is employed." *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.,* 495 F.2d 1265, 1271 (2d Cir.1974) (internal quotation marks omitted); *see also Buti v. Perosa, S.R.L.,* 139 F.3d 98, 103 (2d Cir. 1998). The District Court properly found that, despite Silberstein's promotion of Sqrat, she never actually sold Sqrat products as a course of business. *See La Societe Anonyme,* 495 F.2d at 1272 (explaining that a mark will not retain protection unless its commercial use has been "deliberate and continuous, not sporadic, casual or transitory").

For the foregoing reasons, the judgment of the District Court is AFFIRMED.